UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EARL KENNETH SAGEMAN,

      Plaintiff,

                                                Case Number 07-15351-BC
v.                                            Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

      Defendant.
_____/

## **ORDER DISMISSING PLAINTIFF'S "PETITION" WITH PREJUDICE**

Previously, on June 7, 2007 in 06-13640, *United States v. Sageman*, the Court entered judgment for the United States, based on Earl Kenneth Sageman's default on promissory notes and security agreements. The United States subsequently commenced a separate proceeding, 07-13445, *United States v. Sageman*, to take possession of property on which the United States has foreclosed but which Mr. Sageman currently possesses. This latter proceeding is ongoing.

Mr. Sageman has separately commenced two lawsuits,[1] including the instant proceeding. Here, he has captioned the initial filing as "Petition for Writ of Habeas Corpus In re: Restraint of Liberty by United States of America." He proceeds to identify himself as the petitioner and "United States of America" as the respondent. Mr. Sageman's filing is replete with interesting statements, such as that the purported defendant, the United States of America, "is a fiction acting for profit and gain in the public and cannot reach parity with Earl Kenneth Sageman, lawful man" and that the United States of America "cannot exert a 'blue sky' remedy" where none exists. Mr. Sageman also includes a series of 45 questions, several of which pertain to the spelling of his name and all of

---

[1] Also pending before the Court is Mr. Sageman's apparently identical "petition" in 07-15306, *Sageman v. State of Michigan*, which differs only in his identification of the defendant.

which go unanswered. Mr. Sageman appears to suggest that an attempt to seize his property is a restraint on his liberty, which he believes merits consideration for habeas corpus relief.

Mr. Sageman is proceeding without counsel. A court must grant pro se litigants leniency and should review their filings mindful of that fact. *See generally, Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even granting that leniency to pro se litigants, however, the courts, not to mention the parties who might be found liable for damages, "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citation omitted). Importantly, "[t]he goal of fairly dispensing justice, . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Michael Sindram*, 498 U.S. 177, 179 (1991). Indeed, "[p]ro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources . . . ."[2] *Id*.

The Court cannot discern either factual or legal basis for Mr. Sageman's complaint. The series of questions he poses does not provide a short and plain statement of any entitlement for relief. Nor can the Court imagine on what basis he seeks habeas corpus relief, as nothing in his pleadings provides a reason to believe he is presently in custody. Accordingly, because he has failed to state a claim on which relief could be granted under Federal Rule of Civil Procedure 12(b)(6), the Court will dismiss his complaint, which Mr. Sageman designated a petition.

---

[2]Were Mr. Sageman proceeding *in forma pauperis* as well, the Court might consider whether his filings are frivolous under 28 U.S.C. § 1915(e)(2). Nor do Mr. Sageman's two lawsuits obviously implicate the standard applied in this district for restricting a litigant's access to the courts, at this juncture. *See Kersh v. Borden Chemical Co., Div'n of Borden, Inc.*, 689 F.Supp. 1442, 1450 (E.D. Mich. 1988) (citation omitted).

Accordingly, it is **ORDERED** that Mr. Sageman's "petition" is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 8, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS